Green, J.
delivered the opinion of the court.
This is an action of ejectment against Elliot: the plaintiffs claiming title under a sale of the land by the marshal of Middle Tennessee, as the property of Elliot, and a conveyance from the marshal, reciting that notice had been given as the law requires.
Elliot was in possession of the land at the time it was sold, and was entitled to twenty days written notice of the levy and intended sale; in default of which the sale is void.
The defendant took the deposition of B. H. Shepherd, the marshal and filed it with the papers; but on the trial, declined to read it to the jury. The plaintiffs *235 then offered to read said deposition, to which the defendant objected, on the ground that the answers of the witness contained illegal matter; but the court overruled the objection, and the deposition was read.
In his charge to the jury his Honor. said, in substance, that the evidence of the witness, that “he did not himself give the notice to the defendant, but says he sent one of his deputies with a written notice to be served upon the tenant in possession, who, upon his return, informed him he had served the notice ” is illegal, as only hearsay evidence; and if the witness had been examined in court, and the evidence had been objected to, it would have been inadmissible. “ But the court told the jury, if the defendant asked the questions of the witness for the purpose of adopting the hearsay statements made, as affirmative evidence of the truth of such hearsay statements, then he would be bound by it. The court could not reject the deposition upon the defendant’s objection, as he took it himself, and it must be left to the good sense of the jury, what effect the proof should have upon the principle the court has laid down.” The jury found for the plaintiffs, and the defendant appealed to this court.
We think his Honor erred in permitting the deposition of Shepherd to be read. In the case of Richmond vs. Richmond, (10 Yerg. Rp., 345,) the deposition of a witness (Wallace) had been taken by the complainant, but had not been read by her; whereupon the defendant’s counsel read the deposition. The complainant then offered to prove, by several witnesses, that Wallace was unworthy of credit. To proof, impeaching this witness, on part of the plaintiff, the defendant objected; alleging that he was the complainant’s own witness, and that *236 she could not lawfully impeach him: but the objection, was overruled, and the impeaching witnesses were examined. And this was assigned as error, by the appellant, in this court.
Upon this point, this court say: “We think Wallace cannot be regarded as the complainant’s witness. She was not bound to use the evidence after the deposition was taken. She did not, by introducing him before the jury, stand pledged that he was worthy of credit. We do not presume that the case differs in principle from the case of a witness who may be summoned and sworn in a cause, but not examined by the party summoning him. If such witness be afterwards examined by the other party, he makes him his own witness, and subjects him to all the rules of evidence, applicable to such relation.”
Upon the authority ■ of the case of Richmond vs. Richmond, which we think states the principle correctly, were are of opinion that the deposition of Shepherd was improperly permitted to go to the jury. The court was unquestionably correct, in holding the evidence objected to, as hearsay, and incompetent. If the deputy had given the notice, and had made an official endorsement to that effect upon a copy, or upon the execution, such endorsement would have authorised the marshal’s return and recitals in the deed. But the mere statement to the principal, by the deputy, that he had done an official act, has no more verity, than such statement made by any other person.
The evidence being incompetent, if the defendant who took the deposition did not think proper to offer it, he might properly resist its introduction, by the plaintiffs. It matters not, therefore, with what view he put the *237 interrogatories, when he took the deposition; he was not bound to use it; and when abandoned by him, if the plaintiffs chose to offer it. they made it their own; subject to all the exception that would have existed, had he taken it.
It does not fall within our province to decide, whether there was other sufficient proof that the notice was given, or whether the defendant is estopped by a contract of tenancy? It is impossible for us to say, upon what ground the jury found their verdict. This deposition may have had great weight in their minds; and we would trench upon their prerogative, if we were to say that, they had evidence, independent of this deposition, sufficient to produce the same result.
Reverse the judgment, and remand the cause for another trial.